■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORETTA RAMOS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 23, 1986, convicting defendant upon her plea of guilty of the crime of perjury in the first degree.

The issue before us is whether defendant waived her right to be present at her sentencing due to her failure to appear for sentencing on the scheduled day. Defendant pleaded guilty to perjury in the first degree in a negotiated plea bargain which provided for a sentence of probation for five years. County Court indicated to defendant at the plea taking that if she failed to appear at sentencing, the court would not be bound by the bargain, that it would deem the nonappearance a waiver of defendant's right to appear and would resentence at its option within the authority of a class D felony, including imprisonment of 2⅓ to 7 years (see, Penal Law § 70.00 [2] [d]; [3] [b]).

Defendant failed to appear on the scheduled sentencing day.

The matter was adjourned to the next day, a Friday, and once again to the following Monday. Defense counsel advised County Court that defendant's family informed him that defendant was aware of the requirement to be in court but was absent because she was indigent and unable to afford transportation from her Bronx residence to the court in Albany County. Defense counsel requested an adjournment to make transportation arrangements. County Court denied the request and sentenced defendant in absentia to a prison term of 2⅓ to 7 years.

There must be a reversal. In *People v Parker* (57 NY2d 136, 142) the Court of Appeals indicated that: "even after the court has determined that a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial *in absentia* is not thereby automatically authorized. Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors". The same reasoning applies in the instant circumstances. Since defendant's nonappearance may have been due to indigency, a reasonable adjournment to secure her presence was indicated. We note that the probation report, to which County Court had access, indicated that defendant had recently completed a drug rehabilitation program and was to begin work as a home nurse on June 16, 1987 in The Bronx. These factors pointed to the real possibility that defendant was unable to afford transportation from The Bronx to Albany County. The case of *People v Corley* (67 NY2d 105) is inapposite since here there was insufficient evidence, unambiguously showing defiance of the processes of law, to effect a forfeiture of defendant's presence at sentence.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for resentencing in accordance with this court's decision. Mahoney, P. J., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.