■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY STEVENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 26, 1986, convicting him of criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence of an indeterminate term of 3½ to 7 years' imprisonment.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the sentencing court did not improvidently exercise its discretion in sentencing the defendant in absentia. At the time of the plea bargain, the court expressly warned the defendant that if he failed to appear on the date set for sentencing without good cause, then it would proceed to impose sentence in his absence. Despite acknowledging that he understood the consequences of his failure to appear, the defendant failed to appear for sentencing. All attempts to locate him were unsuccessful. Even until the present time, he has failed to explain his absence. Under these circumstances, it must be concluded that the defendant waived his right to be present at sentencing and that he was properly sentenced in absentia *(see, People v Christopher R.,* 135 AD2d 584; *People v Davis,* 106 AD2d 657; *cf., People v Parker,* 57 NY2d 136).

Similarly, the defendant was properly sentenced in accordance with the plea agreement. As part of the plea bargain, the defendant was advised that if he failed to appear for

sentencing, then an indeterminate term of 3½ to seven years' imprisonment as a second felony offender would be imposed. Accordingly, the sentence imposed was neither a violation of the plea agreement nor excessive *(see, People v Betheny,* 147 AD2d 488; *People v Baessler,* 142 AD2d 585; *see also, People v Kazepis,* 101 AD2d 816). Thompson, J. P, Lawrence, Sullivan, Harwood and Balletta, JJ., concur.