■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. SCHRYVER, Appellant. [759 NYS2d 904] —Cardona, P.J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered May 15, 2001, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and criminal mischief in the third degree.

Pursuant to a negotiated plea, defendant agreed to plead guilty to the crime of assault in the second degree for which he would be sentenced as a second violent felony offender to a determinate prison term of five years (with three years of postrelease supervision) and that he would, in addition, plead guilty to the crime of criminal mischief in the third degree for which he would be sentenced to a concurrent indeterminate prison term of 1½ to 3 years. Additionally, defendant agreed to waive all of his rights to appeal, including the severity of the sentence. Defendant was admonished that if he failed to abide by certain additional conditions prior to sentencing (including that he not be arrested prior thereto), the maximum terms of his previously agreed-upon sentences could be enhanced. Specifically, defendant was advised that the maximum prison term that could be imposed upon his conviction of the crime of assault in the second degree could be increased to seven years, and the term that could be imposed upon his conviction of the crime of criminal mischief in the third degree could be 2 to 4 years. Less than 24 hours after pleading guilty, defendant was arrested on charges that included driving while intoxicated, failure to obey a police officer and leaving the scene of a property damage accident. County Court, having determined that defendant had violated the "no arrest" condition of his plea agreement (*see People v Outley,* 80 NY2d 702 [1993]), sentenced defendant as a second violent felony offender to an enhanced determinate prison term of seven years (plus three years of postrelease supervision), and sentenced him, in addition, to the previously agreed-upon concurrent prison term of 1½ to 3 years.

Significantly, a waiver of the right to appeal which is knowing, voluntary and intelligent encompasses a claim that the term of imprisonment imposed under an enhanced sentence is harsh and excessive, provided that the defendant has been informed of the maximum potential sentence for noncompliance with the conditions of the plea agreement (*see People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Perham,* 263 AD2d 766, 767 [1999], *lv denied* 93 NY2d 1045 [1999]; *cf. People v Powers,* 302 AD2d 685 [2003]). Inasmuch as defendant's waiver of the right to appeal was knowing, voluntary and intelligent,

and he was made fully aware of the potential consequences of his violation of the terms of the plea agreement prior to sentencing, defendant's contention that his enhanced sentence is harsh and excessive, under the circumstances herein, will not be reviewed. We have considered defendant's remaining contentions and find them unavailing.

Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.