■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX V. PEGUERO, Appellant. [776 NYS2d 921]—Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered March 19, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant, waiving his right to appeal, pleaded guilty to the crime of criminal possession of a controlled substance in the fifth degree. As part of the plea agreement, defendant was to be sentenced to six months in jail and five years' probation. In addition to the *Parker* admonishment executed by defendant, County Court advised defendant that it would not be bound by the agreed-upon sentence if he did not appear for sentencing, in which case the court could impose the maximum sentence of $2^{1}/_3$ to 7 years in prison. Thereafter, defendant failed to appear for sentencing scheduled in August 2000 and a bench warrant was issued. Following a felony arrest in March 2002, defendant was returned to court and sentenced to 2 to 6 years in prison. Defendant appeals claiming that the sentence imposed was harsh and excessive. Defendant's challenge to the severity of the sentence is not preserved for our review given his waiver of his right to appeal (*see People v Terry*, 300 AD2d 757 [2002], *lv denied* 99 NY2d 620 [2003]). Were we to consider defendant's argument, we would find it to be without merit. Given defendant's failure to abide by the terms of the *Parker* admonish-

ment without an exculpatory reason and his intervening felony arrest, County Court was free to impose the enhanced sentence (*see People v Miley*, 302 AD2d 796 [2003], *lvs denied* 100 NY2d 540, 543 [2003]). In addition, inasmuch as the record establishes that the court considered the relevant factors prior to imposing the sentence, we find no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see id.*).

Cardona, P.J., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.