■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON HILL, Appellant. [794 NYS2d 690]—Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 9, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, waiving his right to appeal, pleaded guilty to assault in the second degree and, in accordance with the negotiated plea agreement, was to be sentenced to a prison term of three years followed by five years of postrelease supervision. As part of the plea agreement, defendant was clearly informed by County Court that an enhanced sentence of up to seven years could be imposed if he failed to abide by the conditions of the plea, including that he cooperate with the presentence investigation, appear for sentencing and not be rearrested prior to sentencing. Thereafter, defendant failed to comply with several

of the plea conditions. Consequently, the court declined to abide by the terms of the plea agreement and, defendant having admitted to being a predicate felon, imposed an enhanced prison sentence of five years followed by five years of postrelease supervision. Defendant now appeals.

Given that defendant was informed of the maximum potential sentence for noncompliance with the plea conditions and he effected a knowing, voluntary and intelligent waiver of his right to appeal, his challenge to the severity of the enhanced sentence is precluded (*see People v Peguero*, 7 AD3d 925 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Schryver*, 306 AD2d 626 [2003], *lv denied* 100 NY2d 598 [2003]; *People v Espino*, 279 AD2d 798, 800 [2001]). Contrary to defendant's claims, County Court's inquiry was sufficient to establish a legitimate basis for the postplea arrest (*see People v Outley*, 80 NY2d 702, 713 [1993]) which, in addition to his failure to appear for the scheduled sentencing, provided an "independent, legally valid basis for the enhanced sentence" (*People v Figgins*, 87 NY2d 840, 841 [1995]). Defendant's remaining contention has been reviewed and found to be without merit.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.