■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. LEONARD, Appellant. [808 NYS2d 810]—

Peters, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered October 5, 2001, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In October 2000, defendant was indicted for the crimes of rape in the first degree, sodomy in the first degree, incest and sexual abuse in the first degree stemming from a sexual assault upon a family member. In July 2001, following the impaneling of a jury, defendant elected to plead guilty to sexual abuse in the first degree in full satisfaction of the indictment. The plea agreement also provided that defendant would serve one year of incarceration and would waive his right to appeal. Upon articulation of the agreement, County Court conducted a painstaking allocution, in which defendant waived his right to a trial, waived his right to appeal and entered his guilty plea. Thereafter, defendant moved to withdraw his plea. County Court denied such motion, without a hearing, and sentenced him in accordance with the plea agreement. Defendant appeals and we affirm.

We find defendant's plea knowing, voluntary and intelligent. The allocution indicates that defendant gave positive responses to County Court's questions regarding whether he understood that he was giving up his right to trial and appeal. In fact, when he expressed some confusion concerning the waiver of his right to appeal, County Court spent a great deal of time describing what that right meant and what a waiver implied. County Court

offered defendant more time to consider the plea agreement and, after he declined, patiently questioned him concerning his conduct so as to insure that he was admitting to conduct which constituted a crime. Ultimately, he articulated facts which properly supported a finding that he committed the charged crimes. County Court's inquiry was more than sufficient (*see People v Fernandez*, 263 AD2d 673, 674 [1999], *lv denied* 94 NY2d 822 [1999]).

Defendant's second claim, that the medication he ingested may have impaired his plea decision, bodes no better. During the allocution, he stated that he would not have pleaded guilty had he not been on medication, but clarified that statement by explaining that he makes better decisions when he is taking his medication. Finding no indication in the record that the medication impaired defendant's judgment (*see People v Williamson*, 301 AD2d 860, 861-862 [2003], *lv denied* 100 NY2d 567 [2003]), we next address whether defendant's right to due process was violated by the lengthy delay in the perfection of this appeal.

Defendant's notice of appeal was filed in 2001, but the appeal was not perfected until 2005. The record reveals that defendant intended, upon completion of his sentence, to travel to Ohio and confront charges that were pending against him there. There is no evidence as to when he returned to New York and no reason is proffered for his lengthy delay in the perfection of this appeal. Thus, there is no record support for defendant's assertion that the delay was the fault of the People.

Nor do we find error in the denial of defendant's request to withdraw his guilty plea without holding a hearing. An application to withdraw a guilty plea is addressed to the sound discretion of the trial court and, absent a showing of abuse, it will not be disturbed. Moreover, " '[w]here [as here] . . . defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea' " (*People v Davis*, 250 AD2d 939, 940 [1998], quoting *People v Paulk*, 142 AD2d 754, 754 [1988], *lv dismissed* 72 NY2d 960 [1988]).*

Finally, defendant's challenge to his risk level determination under the Sex Offender Registration Act is not properly before us because it is not a part of the criminal action or its final adjudication (*see* Corrections Law § 168-d [3]; *People v Stevens*, 91 NY2d 270, 277 [1998]).

---

* County Court also properly denied defendant's request for a hearing concerning a possible *Brady* violation.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.