(May 25, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO D. RODRIGUEZ, Appellant. [816 NYS2d 211]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 14, 2003, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant pleaded guilty to the violent felony of assault in the first degree stemming from an incident wherein he shot the victim in the face, back and arm. Prior to sentencing, defendant sought to withdraw his plea, proclaiming his innocence and asserting that he had only pleaded guilty because he feared exposure to a potentially longer prison term. County Court denied defendant's application, finding that the plea had been entered into voluntarily, and sentenced him in accordance with the negotiated plea agreement to 20 years in prison. Defendant now appeals and we affirm.

The determination as to whether to allow a defendant to withdraw his or her guilty plea is a matter committed to the discretion of the trial court (*see People v Leonard*, 25 AD3d 925, 926 [2006]; *People v Thomas*, 25 AD3d 879, 880 [2006]). Here, the record reveals that, prior to pleading guilty, defendant engaged in a thorough plea colloquy, wherein he acknowledged and waived his rights, indicated that he had sufficient time to discuss the matter with his attorney, and advised that he was entering the plea of his own volition. Defendant then freely admitted the underlying facts of the crime and his guilt. Given

these circumstances, we find that County Court providently exercised its discretion in denying defendant's plea withdrawal application, particularly in view of defendant's failure to elicit any evidentiary support in connection with his protestation of innocence (*see People v Leonard, supra* at 926; *People v Thomas, supra* at 880; *People v Davis*, 250 AD2d 939, 940 [1998]).

Nor are we persuaded that defendant was deprived of the effective assistance of counsel. Defendant's conclusory claims that defense counsel was unfamiliar with and misunderstood the case, failed to engage in motion practice and failed to properly communicate with him are wholly unsupported by the record. Thus, noting that counsel negotiated " 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Wright*, 295 AD2d 806, 807 [2002], quoting *People v Ford*, 86 NY2d 397, 404 [1995]), we conclude that defendant was afforded meaningful representation.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.