■ The People of the State of New York, Respondent, v Jessica Perez, Appellant. [826 NYS2d 488]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 6, 2004, convicting defendant upon her plea of guilty of the crimes of attempted

criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In satisfaction of two indictments containing various drug-related offenses, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Pursuant to a negotiated plea agreement, defendant was to be sentenced to concurrent prison terms of 2 to 6 years. It was further agreed that sentencing would be delayed for a considerable period of time (apparently because defendant was a few months pregnant). County Court, however, twice advised defendant that if she were arrested during the ensuing time period, it would reserve the right to impose a harsher sentence. She was specifically advised that another arrest could result in consecutive, 5 to 15-year prison sentences.

While awaiting sentencing, defendant was again arrested and charged with additional drug-related crimes. At sentencing on the original charges, County Court was initially willing to accept a plea to the new charges and sentence her to an aggregate prison term of 4 to 12 years for all charges. During a plea allocution on the new charges, however, defendant indicated that she had not had sufficient time to confer with her attorney. County Court therefore refused to accept a plea to the new charges, ignored apparent attempts by defendant and her attorney to revisit the matter and proceeded to sentence her on the original charges. In light of her violation of the no-arrest condition of the plea, County Court sentenced her to consecutive, 2 to 6-year prison terms. She now appeals, and we affirm.

First, having failed to make a motion to withdraw the plea or vacate the judgment of conviction, defendant's present argument that her plea was not knowing, intelligent or voluntary is not properly preserved for this Court's review (*see e.g. People v Davis*, 30 AD3d 893, 895 [2006]). In any event, were we to reach the issue, our review of the plea colloquy convinces us that, despite certain misstatements by County Court, defendant indeed knew and understood the precise crimes to which she was pleading guilty, admitted the elements of these offenses and understood the consequences of her plea.

Defendant next argues that her sentence should be reduced in the interest of justice because it constituted retribution on the part of County Court for her statement during the plea allocution on the new charges that she had not had enough time to confer with her attorney. We are unconvinced that County Court's imposition of the enhanced sentence—which could have

been far greater—was an exercise of retribution. Defendant had been clearly warned that County Court could impose a harsher sentence than that initially agreed upon if she were arrested while out on bail awaiting sentence (*cf. id.* at 894; *People v Donnelly*, 23 AD3d 921, 922 [2005]). Moreover, despite the opportunity to do so, neither defendant nor her attorney in any way challenged the validity of her postplea arrest or denied defendant's involvement therein (*see People v Outley*, 80 NY2d 702, 713 [1993]; *People v Schnackenberg*, 269 AD2d 618, 619 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Whittaker*, 257 AD2d 854, 854-855 [1999], *lv denied* 93 NY2d 880 [1999]; *People v Jackson*, 221 AD2d 740, 740-741 [1995], *lv denied* 87 NY2d 974 [1996]; *cf. People v Jenkins*, 29 AD3d 1177, 1178 [2006]). Under these circumstances, enhancement of defendant's sentence was certainly appropriate and not the product of vindictiveness on the part of the County Court (*see People v Outley, supra*).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.