■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST L. DENSON, Appellant. [836 NYS2d 346]—

Mercure, J.P. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 12, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant pleaded guilty in satisfaction of a two-count indictment to criminal possession of a controlled substance in the fourth degree. County Court thereafter sentenced him as a second felony offender to a prison term of two years followed by two years of postrelease supervision. Defendant now appeals and we affirm.

Defendant initially contends that his attorney and County Court pressured him into pleading guilty, thereby rendering his plea involuntary. That claim, however, has not been preserved for our review in light of defendant's failure to move for withdrawal of his plea or vacatur of the judgment of conviction (*see People v Perez*, 35 AD3d 1030, 1031 [2006]; *People v Missimer*, 32 AD3d 1114, 1115 [2006], *lv denied* 7 NY3d 927 [2006]). In that regard, while defendant apparently at one point asked his attorney to advise the court that he wished to withdraw his plea, the court specifically questioned him on the matter prior to sentencing and defendant clearly and unequivocally indicated that he did not want to withdraw his plea but, instead, wanted to go forward with sentencing. In any event, defendant's challenge to the voluntariness of his plea is without merit and the narrow exception to the preservation requirement is not applicable here (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Defendant's allegation of coercion is belied by the transcript of the plea allocution, which demonstrates that his guilty plea was entered voluntarily, knowingly and intelligently.

Defendant also asserts that he was denied the effective assistance of counsel. Although defendant has failed to preserve this matter for our review (*see People v Henkel*, 37 AD3d 873, 873 [2007]; *People v Baldwin*, 36 AD3d 1024, 1024 [2007]), we nevertheless note that, notwithstanding defendant's unsubstantiated assertions, nothing in the record casts doubt on the apparent effectiveness of his attorney and, further, defendant received

a favorable plea (*see People v Nugent*, 31 AD3d 976, 977 [2006]; *People v Rodriguez*, 29 AD3d 1215, 1216 [2006]). Thus, were we to entertain defendant's claim, we would conclude that he received meaningful representation.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.