■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN TERRELL, Appellant. [839 NYS2d 812]—

Crew III, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 7, 2005, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant was indicted and charged with two counts of assault in the first degree and five counts of assault in the second degree arising out of severe injuries inflicted upon his then six-week-old son. Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of assault in the first degree in exchange for a determinate prison sentence of 19 years and waived his right to appeal. As part of the plea agreement, County Court advised defendant that he must cooperate with the Probation Department in its preparation of a presentence report and that if he failed to answer its inquiries in conformity with what he told the court in the plea allocution, the court would not honor its commitment as to the sentence. Defendant acknowledged his understanding of that condition. Defendant then pleaded guilty and stated that on the day in question, he struck his son in the face, resulting in multiple fractures to his son's jaw.

At sentencing, County Court was advised that defendant had failed to cooperate with the Probation Department during its presentence investigation and a hearing was held in that regard. At the hearing, the probation officer who interviewed defendant testified that defendant was reluctant to discuss the details of the incident involving his son but, when pressed, stated that his son was injured when he dropped the child in the bathtub while bathing him. County Court credited the testimony of the probation officer and found that defendant had not cooperated with her and had not answered her inquiries in conformity with the statements made by him during the plea allocution. Accordingly, County Court sentenced defendant to an enhanced term of imprisonment of 21½ years. Defendant now appeals and we affirm.

Initially, we note that defendant's challenge to the voluntari-

ness of his plea is not preserved for review inasmuch as he failed to move to withdraw his plea or vacate his judgment of conviction (*see People v Perez*, 35 AD3d 1030, 1031 [2006]). Nevertheless, were we to consider the claim, we would find it utterly without merit.

We find similarly unavailing defendant's contention that County Court erred in imposing an enhanced sentence. Conditions agreed upon as part of a plea bargain are enforceable so long as they do not violate statutory provisions or public policy (*see People v Avery*, 85 NY2d 503, 507 [1995]). No such impediment exists here. Moreover, as duly noted by the Court of Appeals, "[d]efendant's failure to answer the Probation Department truthfully about his crime hindered the preparation of an accurate report for the court's use at sentencing" (*People v Hicks*, 98 NY2d 185, 189 [2002]). Accordingly, we have no quarrel with the court's imposition of an enhanced sentence.

Finally, while defendant's waiver of his right to appeal does not encompass his contention that County Court erred in imposing an enhanced sentence (*see People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]), it does foreclose his claim that the enhanced sentence was harsh and excessive where, as here, defendant was informed of the maximum potential sentence for noncompliance with the conditions of the plea agreement (*see People v Schryver*, 306 AD2d 626 [2003], *lv denied* 100 NY2d 598 [2003]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.