■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREE BENNETT, Appellant. [840 NYS2d 646]—

Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered March 6, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

In September 2003, after being convicted of the crimes of grand larceny in the third degree and criminal possession of a controlled substance in the fifth degree, defendant was sentenced to a period of probation. He was convicted of a probation violation in June 2004 and probation was continued. On December 6, 2005, defendant was arraigned on a second violation of probation. County Court scheduled a hearing and issued a *Parker* admonishment, specifically warning defendant that if he failed to appear, the court would proceed in his absence. Defendant executed a written form acknowledging that he understood the *Parker* admonishment.

At a January 4, 2006 court appearance, defendant admitted to the violation of probation and resentencing was scheduled for

February 1, 2006. Defendant appeared on that date, but County Court adjourned the matter until March 3, 2006 in order to review defendant's underlying convictions. Before adjourning, the court inquired as to whether *Parker* warnings had been given, and defendant himself answered that they had been. On March 3, 2006, despite having actual notice of the date, defendant did not appear for resentencing. His attorney indicated that she did not know where he was and was unable to contact him. County Court adjourned the matter until March 6, 2006 so that efforts could be made to locate defendant. Those efforts proved unsuccessful and, on March 6, 2006, County Court resentenced defendant, in absentia, to two concurrent terms of 2 to 6 years in prison. He now appeals.

We affirm. While defendant criticizes County Court's failure to issue a bench warrant and alludes to "several potential 'valid excuses' " for his failure to appear, we note that no such excuse is provided in this record. Defendant's unexplained absence, in the face of the *Parker* admonishment that he received and unequivocally acknowledged, constitutes a voluntary waiver of his right to be present at his resentencing (*see People v Rosas*, 34 AD3d 605 [2006]). Before imposing sentence upon him, the court inquired into the unsuccessful efforts of both defendant's own counsel and the People to find him. We find that, under the circumstances, County Court satisfied the dictates of *People v Parker* (57 NY2d 136 [1982]) prior to sentencing defendant in absentia (*see People v Torra*, 8 AD3d 751 [2004]).

Finally, the sentence imposed is within the permissible statutory range and we find no abuse of discretion or extraordinary circumstances warranting a reduction thereof (*see People v Walts*, 34 AD3d 1043, 1044 [2006], *lv denied* 8 NY3d 850 [2007]; *People v Deere*, 8 AD3d 763, 764 [2004], *lv denied* 3 NY3d 673 [2004]).

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.