■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD B. REILLY, Appellant. [847 NYS2d 741]—

Mercure, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 10, 2006, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In 2005, this Court reversed defendant's convictions of forcible touching and sexual abuse in the first degree, and remitted the matter for a new trial (19 AD3d 736 [2005]). During jury selection, defendant advised County Court that he wished to accept the plea offer that had been extended to him. Following a plea colloquy, the court accepted defendant's plea of guilty to sexual abuse in the first degree in full satisfaction of the charges pending against him. After defendant orally moved to withdraw his plea at his sentencing hearing, County Court repeatedly adjourned the matter to permit defendant to file a written motion to vacate the plea. At defendant's request, however, counsel did not file a motion; instead, defendant informed the court that he did not wish to withdraw his plea. He was sentenced, in accordance with the plea agreement, to five years in prison to be followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's challenges to the voluntariness of his plea are not preserved for our review inasmuch as he unequivocally rescinded his oral motion to withdraw the plea, informed County Court that he wished to go forward with sentencing and

thereafter failed to move for vacatur of the judgment of conviction (see *People v Terrell*, 41 AD3d 1044, 1044-1045 [2007]; *People v Denson*, 40 AD3d 1266, 1266 [2007]; *People v Perez*, 35 AD3d 1030, 1031 [2006], *lv denied* 9 NY3d 868 [2007]). Further, the narrow exception to the preservation requirement is not applicable because the plea colloquy does not cast doubt upon or call into question the voluntariness of his plea (see *People v Lopez*, 71 NY2d 662, 666-667 [1988]; *cf. People v Louree*, 8 NY3d 541, 545-546 [2007]). Contrary to defendant's assertions, any failure by County Court to advise him during the plea colloquy that he might be subject to enhanced sentencing for future crimes or that he would be required to register as a sex offender did not undermine the voluntariness of his plea (see *People v Folk*, 43 AD3d 1229, 1230 [2007]; *People v Coss*, 19 AD3d 943, 943 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Keebler*, 15 AD3d 724, 726 [2005], *lv denied* 4 NY3d 854 [2005]; *cf. People v Louree*, 8 NY3d at 545-546). Moreover, reversal in the interest of justice is unwarranted here inasmuch as the record belies defendant's contentions that he was unaware of his status as a second violent felony offender and that his plea was coerced.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.