■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE DALTON, Appellant. [850 NYS2d 236]—

Carpinello, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered March 26, 2004, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

As a result of allegations of inappropriate sexual contact with his daughter over a five-year period, a 16-count indictment was handed up against defendant charging him with endangering the welfare of a child and multiple counts of rape, sodomy and incest. In the course of this case, as well as a separate criminal case pending against defendant's wife who was accused of perpetrating equally heinous sexual offenses against all three of their children (*see People v Dalton*, 27 AD3d 779 [2006], *lv denied* 7 NY3d 754 [2006]), the People made a motion to permit the children to testify via closed circuit television, which was granted.

Thereafter, defendant pleaded guilty to one count of rape in the first degree in satisfaction of the entire indictment with the express understanding that he would receive eight years in prison if he cooperated with the People in the prosecution of his wife by testifying truthfully against her or 25 years in prison if he did not so cooperate.* As part of the plea agreement, he also waived his right to appeal. During his wife's trial, defendant denied that she forced their children to have sex with each other. Following her trial and before his own sentencing, he moved to withdraw his guilty plea claiming that he was not guilty of the charged crimes, that his poor physical and mental state prevented him from "thinking clearly" on the day he pleaded guilty and that his testimony at his wife's trial was truthful. The motion was denied and he was sentenced to 25 years in prison. He now appeals.

The record of the plea allocution reflects that County Court conducted a thorough inquiry wherein it ascertained that defendant fully understood the nature and consequences of his guilty plea, including the consequences of his testimony at his wife's trial on the issue of his sentence. The court specifically established that defendant was "thinking clearly" despite prescription medication he was taking and also inquired if there was "anything at all about [his] mental, physical or emotional health or state" which prevented him from "thinking clearly" that day, to which defendant responded in the negative. The court further established that defendant understood each of the rights he would be forfeiting by pleading guilty, including the right to an appeal. At no time did defendant profess his innocence; rather, he admitted that he had sexual intercourse with his daughter. He then proceeded to detail under oath his

---

* During the plea allocution, defendant was examined in detail under oath about his expected testimony against his wife. Defendant admitted that she forced their sons to engage in sexual intercourse with their daughter while she watched.

wife's commission of sexual-related offenses against the children. Since nothing in the record of the plea allocution calls into question the knowing, voluntary and intelligent nature of the negotiated plea, we find no abuse of discretion in County Court's denial of defendant's motion to withdraw it (*see People v Seeber*, 4 NY3d 780, 780-781 [2005]; *People v Alexander*, 97 NY2d 482, 485-486 [2002]).

To the extent that defendant takes issue with certain aspects of County Court's decision to permit his children to testify via closed circuit television and also challenges the imposition of the 25-year prison sentence, we find that his valid waiver of the right to appeal forecloses consideration of these arguments (*see e.g. People v Lopez*, 6 NY3d 248 [2006]; *People v Lococo*, 92 NY2d 825 [1998]; *People v Seaberg*, 74 NY2d 1 [1989]; *People v Hill*, 18 AD3d 966 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Peguero*, 7 AD3d 925 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Schryver*, 306 AD2d 626 [2003], *lv denied* 100 NY2d 598 [2003]; *People v Terry*, 300 AD2d 757 [2002], *lv denied* 99 NY2d 620 [2003]). In addition, we note that defendant does not deny that he entered into a cooperation agreement, that its terms were unequivocally explained to him, including the imposition of such a sentence if he did not testify against his wife, or that he breached the agreement (*see People v Hill, supra*; *compare People v Armstead*, 35 AD3d 624 [2006]; *People v Marrero*, 30 AD3d 637 [2006]; *People v Haynes*, 14 AD3d 789 [2005], *lv denied* 4 NY3d 831 [2005]).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.