■ The People of the State of New York, Respondent, v Ricky Lee Carter, Jr., Appellant. [857 NYS2d 356]—

Peters, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered January 4, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In satisfaction of a six-count indictment, defendant entered a plea of guilty to burglary in the third degree. County Court promised to sentence defendant to a term of imprisonment of 2 to 4 years, conditioned upon his return to court on the date of sentencing, avoidance of rearrest and cooperation with the Probation Department in preparing its presentence report. County Court advised defendant that if any condition was violated, it would not be bound by the plea bargain and defendant would be subject to any sentence authorized by law.

Upon defendant's failure to appear on the sentencing date, his counsel advised County Court that he had spoken to defendant's parents, who informed him that defendant was "eight states over," but could not provide any further information. County Court sentenced defendant in absentia, as a second felony offender, to a term of imprisonment of 3½ to 7 years and ordered restitution in the amount of $60. Defendant appeals, contending, among other things, that his failure to appear at sentencing did not constitute a waiver of his right to be present inasmuch as County Court never informed him that sentencing would proceed in his absence as a consequence of his nonappearance.

CPL 380.40 (1) provides that a "defendant must be personally present at the time sentence is pronounced." While this right may be waived (*see People v Stroman*, 36 NY2d 939, 940 [1975]), where "a defendant fails to appear at sentencing, he or she may be deemed to have waived the right to be present only if the defendant was previously advised of the consequences of failing to appear at sentencing" (*People v Syrell*, 42 AD3d 947, 947-948 [2007]; *see People v Smith*, 68 NY2d 725, 726-727 [1986]; *People v Torra*, 8 AD3d 751, 751 [2004]; *see generally People v Parker*, 57 NY2d 136, 140-141 [1982]). Here, although County Court informed defendant that he could be subject to an enhanced sentence if he failed to appear for sentencing, the court did not specifically articulate that sentencing could proceed in his absence (*compare People v Bennett*, 42 AD3d 813, 814 [2007]; *People v Walker*, 30 AD3d 823, 823 [2006]; *People v Torra*, 8 AD3d at 751-752; *People v Stevens*, 159 AD2d 662, 662 [1990], *lv denied* 76 NY2d 796 [1990]). Moreover, even where a defendant is found to have waived the right to be present at sentencing, proceeding with sentencing in absentia is not

automatically authorized; rather "the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time" (*People v Parker*, 57 NY2d at 142; *see People v Syrell*, 42 AD3d at 948; *People v Ramos*, 139 AD2d 850, 851 [1988]). Here, just one hour after the time set for defendant's appearance, County Court sentenced him without first taking any reasonable measures to secure his attendance. For these reasons, we find that County Court did not satisfy the dictates of *Parker* prior to sentencing defendant in absentia and, therefore, vacatur of the sentence is required. Additionally, County Court erred in imposing restitution without conducting a hearing to determine the amount thereof (*see* Penal Law § 60.27 [2]; CPL 400.30).

In light of our decision, defendant's remaining contentions are rendered academic.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.