■ The People of the State of New York, Respondent, v Ricky L. Carter Jr., Appellant. [883 NYS2d 636]—

Peters, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered June 5, 2008, which resentenced defendant following his conviction upon his plea of guilty of the crime of burglary in the third degree.

In full satisfaction of a six-count indictment, defendant pleaded guilty to burglary in the third degree with the promise of a prison sentence of 2 to 4 years. County Court conditioned such sentence, pursuant to the plea agreement, on defendant's promise to return to court on the date of sentencing, cooperate with the presentence investigation and avoid rearrest before sentencing. The court also informed defendant that if he failed to abide by the agreed conditions, it would not be bound by the plea agreement and he could receive the maximum possible prison term.

When defendant thereafter failed to appear for sentencing, County Court sentenced him in absentia, as a second felony offender, to the maximum permissible term of 3½ to 7 years in prison. On appeal, this Court vacated that sentence, finding that County Court did not specifically inform defendant at the time of his plea that if he failed to appear, sentencing could proceed in his absence and, moreover, that the court failed to consider all appropriate factors before sentencing him in absentia, including the possibility that defendant could be located in a reasonable period of time (51 AD3d 1139 [2008]).

At resentencing, defendant acknowledged that he intentionally failed to appear at his original sentencing with no valid excuse. He was then sentenced to 3½ to 7 years in prison and, among other things, ordered to reimburse the cost of his extradition. Defendant now appeals, and we affirm.

Defendant first contends that County Court improperly issued an enhanced sentence based upon his failure to appear at his initial sentencing. However, defendant forfeited his right to challenge the severity of his enhanced sentence by virtue of his knowing, voluntary and intelligent waiver of his right to appeal (*see People v Marshall*, 25 AD3d 876, 876-877 [2006], *lv denied* 6 NY3d 850 [2006]; *People v Hill*, 18 AD3d 966, 967 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Schryver*, 306 AD2d 626, 626 [2003], *lv denied* 100 NY2d 598 [2003]).* Furthermore, we find that the enhanced sentence was not the result of vindictive-

---

* Were we to consider the merits of defendant's argument, we would nonetheless find that he was clearly informed by County Court that he would face the maximum potential sentence were he to violate the terms of his plea agreement. Thus, when he failed to appear for his original sentencing, the

*(n. cont'd)*

ness (*see People v Perez*, 35 AD3d 1030, 1031-1032 [2006], *lv denied* 9 NY3d 868 [2007]).

Defendant next contends that the People failed to comply with the plea agreement by recommending an enhanced sentence at resentencing. Although defendant's waiver of appeal does not foreclose this argument (*see People v Hoeltzel*, 290 AD2d 587, 588 [2002]), we find it unavailing. While a prosecutor is generally bound to honor a sentencing recommendation that is made pursuant to plea negotiations (*see People v Clark*, 61 AD3d 1179, 1182 [2009]; *People v Hoeltzel*, 290 AD2d at 588), where, as here, the defendant first breaches the terms of the plea agreement, the People are justified in recommending an enhanced sentence (*see People v Stevens*, 41 AD3d 1030, 1031-1032 [2007]).

Finally, County Court did not err in ordering defendant to pay the cost of his extradition inasmuch as he committed to such payment as part of his plea agreement (*see People v Burke*, 47 AD3d 1161, 1161 [2008]; *People v Perry*, 261 AD2d 650, 650-651 [1999], *lv denied* 93 NY2d 1024 [1999]).

We have examined defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

court had a legally valid basis for issuing the enhanced sentence (*see People v Marshall*, 25 AD3d at 877; *People v Hill*, 18 AD3d at 967; *People v Perham*, 263 AD2d 766, 767 [1999], *lv denied* 93 NY2d 1045 [1999]).