■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. HARAN, Appellant. [899 NYS2d 406]—

Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered June 1, 2007, convicting defendant upon his plea of guilty of the crime of scheme to defraud in the first degree.

In satisfaction of an eight-count indictment, defendant pleaded guilty to the crime of scheme to defraud in the first degree and waived his right to appeal. Under the terms of the plea agreement, defendant was permitted to withdraw his plea and to plead guilty to a misdemeanor if he made restitution before the date of sentencing. If he did not, he was to be sentenced to a term of imprisonment to be determined by County Court in its sole discretion. During the plea proceedings, County Court also administered *Parker* warnings. Thereafter, defendant failed to appear for sentencing and County Court sentenced him in absentia to 1⅓ to 4 years in prison. Defendant now appeals.

Defendant contends that County Court erred in sentencing him in absentia and in imposing a sentence greater than that provided under the plea agreement. Contrary to defendant's claim, the record discloses that County Court properly complied with the requirements of *People v Parker* (57 NY2d 136, 141 [1982]) before sentencing defendant in absentia. The court specifically advised defendant of the consequences of failing to appear for sentencing, one of which was that he could be sentenced in absentia to any legally permissible term of imprisonment, and defendant communicated his understanding on the record (*see People v Bennett*, 42 AD3d 813, 814 [2007]; *compare People v McDermott*, 68 AD3d 1453 [2009]; *People v Carter*, 51 AD3d 1139 [2008]). The court proceeded to consider

defendant's proffered reason for failing to appear, which it found unpersuasive. Under the circumstances presented here, the court did not err in sentencing defendant in absentia.

Moreover, it is undisputed that defendant did not comply with the conditions of the plea agreement by making restitution prior to sentencing thereby entitling him to withdraw his plea and to plead guilty to a misdemeanor. Notably, County Court specifically retained the discretion to sentence defendant to any legally permissible term of imprisonment for the crime of scheme to defraud in the first degree. Inasmuch as the sentence imposed was authorized by statute (*see* Penal Law § 70.00 [3] [b]) and defendant failed to comply with the terms of the plea agreement, County Court did not err in imposing an enhanced sentence (*see People v Therrien*, 301 AD2d 751, 752 [2003], *lv denied* 99 NY2d 633 [2003]).

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.