■ The People of the State of New York, Respondent, v Ashley Hall, Also Known as Bukola Kessington, Appellant. [911 NYS2d 237]—

Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 20, 2009 in Albany County, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

Defendant waived indictment and, in satisfaction of a superior court information, pleaded guilty to attempted criminal possession of a forged instrument in the second degree. As part of the plea agreement, she waived her right to appeal and was to be sentenced to time served and five years of probation. During the plea proceedings, Supreme Court warned defendant that if she did not appear for sentencing, she could receive a sentence that would include jail time or up to 1⅓ to 4 years in prison. Defendant repeatedly failed to appear for sentencing and, after a bench warrant was issued for her arrest, she was ultimately sentenced in absentia to 1 to 3 years in prison. Defendant appeals.

Defendant argues that Supreme Court erred in imposing the enhanced sentence because it did not adequately inform her that she could be sentenced in absentia to a greater sentence if she did not appear for sentencing. Initially, we note that defendant's challenge to the enhanced sentence is not precluded by her waiver of the right to appeal (*see People v Faulkner*, 54 AD3d 1134, 1134-1135 [2008], *lv denied* 11 NY3d 854 [2008]; *People v Terrell*, 41 AD3d 1044, 1045 [2007]). On the merits, CPL 380.40 (1) provides that a "defendant must be personally present at the time sentence is pronounced." While this right may be waived by a defendant's conduct in failing to appear for

sentencing, the defendant must first be advised of the consequences of not appearing (*see People v Syrell*, 42 AD3d 947, 948 [2007]), including that sentencing may proceed in his or her absence (*see People v Carter*, 51 AD3d 1139, 1140 [2008]; *compare People v Haran*, 72 AD3d 1289, 1289 [2010]; *People v Thomas*, 56 AD3d 815, 816 [2008]). In the instant case, defendant was advised of the potential sentencing options available in the event that she did not appear for sentencing, but was not advised that sentencing could proceed in her absence. Inasmuch as this was necessary to conclude that defendant's nonappearance amounted to a waiver of her right to be present at sentencing, we would normally vacate the sentence and remit for the court to resentence defendant in her presence (*see People v Carter*, 51 AD3d at 1140-1141).

In this case, however, after defendant was sentenced in absentia, she was apprehended and produced in Supreme Court. At that time, the court outlined the numerous dates when sentencing had been scheduled and defendant failed to appear. The court permitted defendant to explain her failure to appear in court, to keep apprised of court dates and to keep the court, her attorney and the Probation Department advised of her current address and phone number (*see People v Haran*, 72 AD3d at 1289-1290). Additionally, the court permitted defendant to speak concerning the sentence that had been imposed and explained why that sentence was more restrictive than the one contemplated by the plea bargain. Following this discussion, the court found defendant's explanations unpersuasive and adhered to the sentence imposed. Under the circumstances, were we to remit, the court would be authorized to impose the same enhanced sentence upon resentencing (*see People v Carter*, 64 AD3d 1089, 1090 [2009], *lv denied* 13 NY3d 835 [2009]). Because Supreme Court has already proceeded to impose the same sentence in defendant's presence, after permitting her to explain her failure to abide by the *Parker* warnings and after considering all of the pertinent circumstances, remittal is unnecessary.

Based upon the record, the sentence imposed was not harsh or excessive.

Spain, J.P., Rose, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.