■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BROWN, Appellant. [956 NYS2d 618]—

Garry, J.

We affirm. Initially, we reject defendant's contention that he did not validly waive his right to appeal. The record reflects that County Court distinguished the right to appeal from the rights forfeited by his guilty plea, and defendant affirmed his understanding of the consequences of the waiver. Thereafter, defendant executed a written waiver acknowledging that he had discussed the right to appeal with counsel and was voluntarily waiving it. Accordingly, we conclude that defendant's waiver of the right to appeal was valid (see People v Tolliver, 92 AD3d 1024, 1024 [2012]; People v Shaver, 92 AD3d 978, 979 [2012], lv denied 18 NY3d 998 [2012]).

Defendant's contention that County Court erred in imposing an enhanced sentence on him in absentia survives his appeal waiver (see People v Hall, 78 AD3d 1328, 1328 [2010]; People v Terrell, 41 AD3d 1044, 1045 [2007]). The record reveals, however, that defendant was advised that sentencing could proceed in his absence and of the potential sentence he faced if he failed to appear for sentencing (see People v Haran, 72 AD3d 1289, 1289-1290 [2010]; People v Baez, 67 AD3d 1204, 1204 [2009], lv denied 14 NY3d 797 [2010]). Under these circumstances, County Court properly sentenced defendant in absentia. Finally, defendant's claim that the enhanced sentence is harsh and excessive is precluded by his waiver of the right to appeal his conviction and sentence, as he was informed of the conse-

quences of his failure to appear at sentencing (*see People v Carter*, 64 AD3d 1089, 1090 [2009], *lv denied* 13 NY3d 835 [2009]; *People v Hill*, 18 AD3d 966, 967 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Schryver*, 306 AD2d 626, 626 [2003], *lv denied* 100 NY2d 598 [2003]).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.