*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    105917
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

         v                                    MEMORANDUM AND ORDER

ROBERT R. KLEIN III,
                    Appellant.
_____

Calendar Date:  November 21, 2014

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

         Abbie Goldbas, Utica, for appellant, and appellant pro se.

         Mark D. Suben, District Attorney, Cortland (Kenneth H. Tyler of counsel), for respondent.

_____

Clark, J.

         Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered November 15, 2012, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

         In satisfaction of a five-count indictment, defendant pleaded guilty to attempted burglary in the third degree and waived his right to appeal.  Under the terms of the plea agreement, he was to be sentenced as a second felony offender to 1½ to 3 years in prison.  He was advised that, if he did not appear for sentencing and lacked a legitimate excuse for his absence, he could be sentenced in absentia to 2 to 4 years in prison.  County Court adjourned sentencing twice.  Thereafter, defense counsel made two more requests for adjournments, the

first of which was based on defendant's need to resolve pending legal matters and the second of which was based on him having left Cortland County for work and having no ability to return. County Court denied those requests and, when defendant did not appear, sentenced him in absentia to 2 to 4 years in prison. Defendant now appeals.

We affirm. Defendant argues that County Court abused its discretion in sentencing him in absentia to an enhanced sentence, a claim that survives defendant's appeal waiver (see People v Brown, 101 AD3d 1267, 1268 [2012], lv denied 21 NY3d 1014 [2013], cert denied ___ US ___, 134 S Ct 938 [2014]; People v Hall, 78 AD3d 1328, 1328 [2010]). Turning to the merits, defendant waived his right to be present at sentencing when he failed to appear, despite having been warned of the potential consequences of doing so (see People v Brown, 101 AD3d at 1268; People v Haran, 72 AD3d 1289, 1289-1290 [2010]). County Court then considered the proffered reason for defendant's absence and found it to be unpersuasive. Under the circumstances of this case, we cannot say that County Court abused its discretion by sentencing defendant in absentia to an enhanced sentence (see People v Brown, 101 AD3d at 1268; People v Haran, 72 AD3d at 1289-1290; People v Torra, 8 AD3d 751, 751-752 [2004]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court