*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                    107211
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

         v                                    MEMORANDUM AND ORDER

MARCUS E. MITCHELL,
                        Appellant.
_____

Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        Michael C. Ross, Bloomingburg, for appellant.

        Paul Czajka, District Attorney, Hudson (Trevor O. Flike of
counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Columbia
County (Koweek, J.), rendered June 19, 2013, convicting defendant
upon his plea of guilty of the crimes of criminal mischief in the
second degree, resisting arrest and unlawfully fleeing a police
officer in a motor vehicle in the third degree.

        In May 2013, defendant pleaded guilty to criminal mischief
in the second degree, resisting arrest and unlawfully fleeing a
police officer in a motor vehicle in the third degree as charged
in an indictment.  The plea was entered pursuant to a 10-page
written agreement signed by defendant in November 2012, and
reaffirmed during the plea allocution, in which the People agreed
to recommend that defendant receive a sentence of 2 to 4 years in

prison, with court-ordered Willard treatment.[1]  The agreement, which included a waiver of appeal, also satisfied other pending charges.  As provided in the agreement and reiterated during the plea allocution, County Court made no sentencing promise and advised defendant that it could impose a prison sentence of up to 3½ to 7 years.  Defendant failed to appear for sentencing and was sentenced in absentia, as a previously admitted second felony offender, to an aggregate prison term of 3½ to 7 years and ordered to pay restitution.  Defendant now appeals.

We affirm.  Initially, we agree with defendant that his waiver of appeal was not knowing, voluntary and intelligent, as neither County Court nor the written plea agreement adequately informed him that his appeal rights were separate and distinct from those trial-related rights automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]).  In any event, the written agreement expressly reserved defendant's right to appeal the sentence if the court imposed a sentence harsher than the negotiated sentence, which is the case here.

Defendant further contends that County Court abused its discretion in imposing what he characterizes as an "enhanced" sentence due to his failure to appear at sentencing.  We are unpersuaded, as the record reflects that the court advised defendant, at the time of the plea, that while the People would recommend a sentence of 2 to 4 years, the court was not making a sentencing commitment and could impose the maximum prison sentence of 3½ to 7 years, and warned him that it could sentence him in his absence if he failed to appear.  The written agreement, which defendant confirmed he had reviewed with his attorney, also advised him that he could be sentenced in absentia.  Thus, the sentence was not "enhanced" as the court retained the discretion to impose the maximum sentence (compare

_____

[1]  The written agreement was signed earlier pursuant to the People's promise to recommend a lesser sentence, which was renegotiated after it was disclosed that defendant had felony convictions in Florida.

People v Denegar, 130 AD3d 1140, 1141 [2015]); by failing to appear despite warnings about the failure to appear, defendant forfeited his right to be present at sentencing (see People v Corley, 67 NY2d 105, 109-110 [1986]; People v Klein, 124 AD3d 1143, 1143 [2015]). Further, County Court took into consideration the People's representation that, after the plea, defendant had been arrested for a new crime and that local police had been "actively looking" for him in the five weeks since, but were unable to locate him. Defense counsel did not dispute these facts. Under these circumstances, we do not find that the court abused its discretion in sentencing defendant in absentia.

Finally, given that the charges stem from defendant's intentional destruction of a police car, as well as his criminal history and the fact that this plea also satisfied other pending charges, we cannot conclude that the sentence imposed was harsh or excessive (see generally People v Launder, 132 AD3d 1151, 1154-1155 [2015], lv denied 27 NY3d 1153 [2016]). Defendant's remaining claims have been reviewed and determined to lack merit.

Garry, J.P., Rose, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court