People v Castro (2019 NY Slip Op 01687)





People v Castro


2019 NY Slip Op 01687


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

110541

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CIERA CASTRO, Appellant.

Calendar Date: February 8, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Rumsey, JJ.


Law Offices of Danielle Neroni Reilly, Albany (Angela Kelley of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 30, 2018, convicting defendant upon her plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Consistent with the terms of a negotiated plea agreement, which included a waiver of the right to appeal, defendant pleaded guilty to attempted promoting prison contraband in the first degree with the understanding that she would receive a split sentence of six months in jail and five years of probation. Prior to adjourning the matter for sentencing, County Court reminded defendant of the previously executed Parker warning and expressly advised defendant that, should she fail to appear for sentencing, the court could proceed without her and could sentence her to a prison term of up to 1&frac13; to 4 years. Defendant thereafter failed to appear for sentencing despite two adjournments. When efforts to secure defendant's attendance failed again, despite a delay of several hours to locate her, County Court sentenced her to a prison term of 1 to 3 years. This appeal ensued.
We affirm. Defendant's present assertion that County Court abused its discretion in sentencing her in absentia to an enhanced sentence survives her unchallenged waiver of the right to appeal (see People v Sassenscheid, 162 AD3d 1108, 1109 [2018]; People v Klein, 124 AD3d 1143, 1143 [2015]; People v Brown, 101 AD3d 1267, 1268 [2012], lv denied 21 NY3d 1014 [2013], cert denied 571 US 1143 [2014]), but we find her argument to be unpersuasive. In addition to executing the written Parker warning, defendant was informed by County Court of both the consequences of failing to appear for sentencing and the maximum prison term that could be imposed (see People v Brown, 101 AD3d at 1268). Further, prior to imposing the enhanced sentence, County Court inquired of defense counsel's efforts to locate defendant and detailed the attempts to contact defendant (see People v Bennett, 42 AD3d 813, 814 [2007]; People v Torra, 8 AD3d 751, 751 [2004]). Defendant criticizes County Court for failing to issue a bench warrant prior to imposing the enhanced sentence, but we note that defendant still has [*2]failed to offer any excuse for her ultimate failure to appear (see People v Bennett, 42 AD3d at 814). Under these circumstances, we cannot say that County Court abused its discretion in sentencing defendant in absentia and imposing an enhanced sentence (see People v Rodman, 104 AD3d 1186, 1187 [2013], lv denied 22 NY3d 1202 [2014]; People v Brown, 101 AD3d at 1268-1269; People v Bennett, 42 AD3d at 814).
To the extent that defendant's brief may be read as contesting the voluntariness of her plea, although this argument survives defendant's unchallenged appeal waiver, it is unpreserved for our review in the absence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable here (see People v Bonafante, 166 AD3d 1228, 1228 [2018]; People v Henry, 166 AD3d 1213, 1214 [2018]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.