■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA L. SHAW, Appellant. [910 NYS2d 694]—

Garry, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 25, 2008, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

Defendant was indicted on three counts of criminal contempt in the first degree and, during jury selection for his trial on these charges, accepted the People's offer to plead guilty to the third count in satisfaction of the entire indictment and other pending matters. Thereafter, defendant was sentenced as a second felony offender to the agreed-upon prison term of 1½ to 3 years, and an order of protection was issued by County Court

against defendant in favor of the victim. Defendant now appeals.

Initially, we agree with defendant that he did not waive his right to appeal and, in fact, the People did not request such a waiver at the time the plea agreement was accepted and the plea was entered. However, the fact that defendant did not waive his right to appeal has no bearing upon the issue of whether his guilty plea was knowingly, intelligently and voluntarily made. The right to appeal is "separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]), and it is beyond cavil that a defendant can knowingly, intelligently and voluntarily enter a guilty plea while still retaining the right to appeal, as we find defendant did here (*see generally* CPL 450.10; *People v Seaberg*, 74 NY2d 1 [1989]).

Defendant finally contends that because the issuance of the order of protection at sentencing was contrary to the plea agreement, he should be permitted to withdraw his plea or the order of protection should be annulled. This issue is unpreserved for our review due to his failure to object at the time of sentencing, although he had ample opportunity to do so (*see People v Murray*, 15 NY3d 725, 727 [2010]; *People v Snyder*, 249 AD2d 643 [1998]).

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.