■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMEEK DAVIS, Appellant. [912 NYS2d 324]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 23, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

At approximately 1:00 P.M. on June 21, 2008, Police Officer Edward Markham was on patrol and received a transmission from a City of Albany Police Department dispatcher indicating that a black male had exited the passenger seat of a late model white Ford Mustang and pointed a handgun at a group of people standing in the vicinity of Dana Avenue and Knox Avenue in the City of Albany. Markham was also informed by the dispatcher that the black male had fled the scene in the vehicle, which was being driven by another black male. Moments later, Markham received another radio transmission, this time from a police officer on patrol in a nearby area, that the officer was in pursuit of a late model white Ford Mustang that fit the description of the vehicle given in the initial radio dispatch. Markham joined the pursuit and, coming upon the vehicle, attempted to initiate a traffic stop. The driver of the Ford Mustang refused to comply and continued driving two blocks before stopping the vehicle in the middle of the street. At that time, the passenger—a black male who fit the description given in the radio dispatch—suddenly jumped out of the vehicle and fled. While other police officers pursued the passenger, Markham approached the Ford Mustang, took the driver into custody and recovered a .22 caliber handgun and several rounds of ammuni-

tion that were on the front passenger seat. Defendant was apprehended by the other police officers a short distance from the scene and, moments later, was identified by Markham as the passenger of the vehicle who had fled the area. Defendant was arrested and approximately seven grams of crack cocaine was recovered from his person. Later that day, a witness, during a photographic array conducted by the police, identified a photograph of defendant as the individual who had brandished the handgun on the street.

Defendant was charged with criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third and fourth degrees. He subsequently moved to suppress the cocaine taken from his person at the time of his arrest, as well as the identification made of him by the eyewitness. After that motion was denied, defendant, while specifically reserving his right to appeal County Court's decision on the motion to suppress, entered a guilty plea to criminal possession of a weapon in the second degree. He was sentenced as a second felony offender to 9½ years in prison, plus five years of postrelease supervision. Defendant now appeals.

The principal argument made by defendant on this appeal is that his arrest by the police was illegal and the evidence obtained as a result of it—the cocaine recovered from his person and the identification later obtained from the eyewitness— should be suppressed.* We disagree.

Contrary to defendant's assertion, the content of the radio dispatch and, in particular, its description of the incident, as well as that of the vehicle and its occupants, gave the police the right to stop the Ford Mustang when they came upon it and, at the very minimum, make appropriate inquiry of its occupants (*see People v Young*, 68 AD3d 1761, 1761 [2009], *lv denied* 15 NY3d 780 [2010]; *People v Cash J.Y.*, 60 AD3d 1487, 1488 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Jogie*, 51 AD3d 1038, 1039 [2008], *lv denied* 11 NY3d 789 [2008]; *People v Parker*, 50 AD3d 603, 604 [2008], *lv denied* 11 NY3d 740 [2008]). The refusal of the driver to immediately heed police requests that he stop the vehicle, and the passenger's abrupt departure from the scene upon being confronted by the police, served to confirm Markham's suspicion that the occupants of this vehicle were involved in the incident reported by the dispatcher and gave him probable cause to make an arrest (*see People v Reyes*, 69 AD3d 523, 525 [2010], *appeal dismissed* 15 NY3d 863 [2010]; *People v McNair*, 36 AD3d 1073, 1075 [2007], *lv denied* 9 NY3d

---

* Defendant did not seek to suppress the firearm or the ammunition found in the car.

847 [2007]; *People v McDonald*, 285 AD2d 615, 616 [2001]). Given that Markham had been told only moments earlier that a firearm had been brandished in a threatening manner on a public street, he had a reasonable basis to be concerned for his safety and ample justification to take whatever steps were necessary to secure both the vehicle and its remaining occupants. Only then did Markham recover the firearm and ammunition from the vehicle's passenger seat, and then, moments later, identify defendant as the person he had seen flee the scene when the vehicle came to a stop. On these facts, probable cause existed for defendant's arrest and his motion to suppress was properly denied.

Defendant also challenges his sentence, arguing that he entered his guilty plea with the understanding that County Court would, as part of his sentence, impose a three-year term of postrelease supervision. While the term of postrelease supervision imposed by County Court did not "conform to the term indicated at the plea proceeding," defendant did not object to the sentence as imposed and has not preserved this claim by seeking appropriate relief before the sentencing court (*People v Murray*, 15 NY3d 725, 726-727 [2010]). In any event, defendant's status as a second felony offender required that a five-year term of postrelease supervision be imposed as part of his sentence (*see* Penal Law § 70.45 [2]).

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.