(January 27, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMARI LEE, Also Known as OMARI H. LEE, Appellant. [915 NYS2d 417]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 28, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was arrested after a police investigator, who was watching live video through a surveillance camera, observed him selling crack cocaine over a three-hour period on a street corner in the City of Schenectady, Schenectady County. A search of defendant's person revealed $700 and crack cocaine packaged for sale. Defendant was charged in an indictment with criminal possession of a controlled substance in the third degree, and County Court (Catena, J.) denied his motion to suppress the evidence recovered from him at the time of his arrest.

After defendant rejected a plea offer from the People and indicated his willingness to plead guilty to the entire indictment, County Court (Drago, J.) stated that the court would "offer . . . a cap of a seven year determinate sentence, post-release supervision in the range of one and a half to three years" if defendant would plead guilty to the indictment and waive his right to appeal. Defendant initially rejected the court's offer because he was unwilling to waive his right to appeal, but pleaded guilty to the indictment several days later, waiving his right to appeal except for the suppression issue. During the plea allocution, County Court (Giardino, J.) explained that there would be "a cap of seven years" on the sentence of imprisonment that defendant would receive and that "[t]here would be a sentence of post-release supervision at [the court's] discretion." Subsequently, at the outset of the sentencing proceeding, County Court indicated that it had "promised . . . defendant a cap of

seven years in . . . prison with three years of post-release supervision," and thereafter sentenced defendant to those terms. Defendant now appeals, asserting that he was unaware that the term of postrelease supervision initially specified by County Court was a term of the plea agreement that he ultimately accepted because the court failed to reiterate the permissible range of postrelease supervision during the plea allocution.

It is settled that "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]; *accord People v Boyd*, 12 NY3d 390, 392 [2009]). When a defendant is not made aware of mandatory postrelease supervision—or the specific duration or range of that component of postrelease supervision—prior to the imposition of sentence, the voluntariness of the plea may be challenged on appeal even absent preservation of the issue by postallocution motion (*see People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Boyd*, 12 NY3d at 393; *People v Louree*, 8 NY3d 541, 545-546 [2007]). The rationale for dispensing with the preservation requirement under such circumstances is grounded in the practical inability of a defendant to move to withdraw a plea when the court does not specify the potential term of postrelease supervision prior to the actual imposition of sentence (*see People v Louree*, 8 NY3d at 546). In contrast, where, as here, a "defendant was advised of what the sentence would be, including its [postrelease supervision] term, at the outset of the sentencing proceeding," the "defendant could have sought relief from the sentencing court in advance of the sentence's imposition" and, therefore, the "rationale for dispensing with the preservation requirement is not . . . applicable" (*People v Murray*, 15 NY3d at 727). Accordingly, inasmuch as defendant did not raise the issue before the sentencing court despite the court advising him of the applicable postrelease supervision term at the outset of the sentencing proceeding, his challenge to the voluntariness of his plea is not preserved for our review and we decline to reverse in the interest of justice under the circumstances of this case (*see id.* at 726-727; *see also People v Davis*, 79 AD3d 1267, 1269 [2010]; *People vShaw*, 78 AD3d 1376, 1377 [2010]; *but see People v Rivera*, 51 AD3d 1267, 1269-1270 [2008]).

Finally, there is no merit to defendant's remaining argument that the People failed to lay an adequate foundation for admission of the surveillance video at his suppression hearing. The

video was authenticated by the testimony of Robert Voris, an investigator who was a camera coordinator for the public surveillance camera project of the Schenectady County District Attorney's office. Voris watched the live video showing defendant allegedly engaged in drug-dealing activity, copied that footage onto the CD that was shown at the suppression hearing, and testified that it was a fair and accurate representation of what he had observed live on the date in question (*see People v Patterson*, 93 NY2d 80, 84 [1999]; *People v Fondal*, 154 AD2d 476, 476-477 [1989], *lv denied* 75 NY2d 770 [1989]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.