■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA EBERT, Appellant. [916 NYS2d 303]—

Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 4, 2010, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to the crime of driving while intoxicated and was sentenced to five days in jail and five years of probation. She subsequently admitted to violating her probation with the understanding that her probation would be terminated and she would be resentenced to 10 months in jail. Thereafter, defendant's probation was revoked and she was resentenced to 10 months in jail. Defendant now appeals.

Defendant contends that County Court erred in failing to adjourn the resentencing because she was intoxicated at the time and unable to meaningfully comprehend the proceeding. Defendant has failed to preserve this claim as she did not object at the resentencing proceeding or move to vacate the resentence (*see e.g. People v Shaw*, 78 AD3d 1376, 1377 [2010]; *People v Colon*, 202 AD2d 710, 711 [1994], *lv denied* 83 NY2d 870 [1994]). To the contrary, her counsel objected to the prosecutor's request that resentencing be adjourned and maintained that defendant was nervous, not intoxicated. In any event, any such claim is without merit given that defendant proceeded to give a statement urging the court to impose a lesser sentence without any indication that she was intoxicated. Likewise, there is no merit to defendant's claim that the resentence was harsh and excessive. In view of defendant's prior conviction for the same offense and repeated failure to maintain sobriety while attending her treatment programs, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the resentence in the interest of justice (*see People v Tyler*, 76 AD3d 1144 [2010]; *People v Garner*, 28 AD3d 875, 875 [2006]).

Peters, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.