[946 NE2d 740, 921 NYS2d 641]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BARAK CORNELL, Respondent.

Decided March 24, 2011

[black redaction block]

### APPEARANCES OF COUNSEL

*David W. Foley, District Attorney*, Mayville (*Lynn S. Schaffer* of counsel), for appellant.

*Lipsitz Green Scime Cambria LLP*, Buffalo (*Timothy P. Murphy* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

A trial court has the constitutional duty to advise a defendant of the direct consequences of a guilty plea, including any period of postrelease supervision (PRS) that will be imposed as part of the sentence (*see People v Catu*, 4 NY3d 242, 244-245 [2005]). "Although the court is not required to engage in any particular litany when allocuting the defendant, 'due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant'" (*id.* at 245, quoting *People v Ford*, 86 NY2d 397, 403 [1995]). "[T]he failure of a court to advise of postrelease supervision requires reversal of the conviction" (*id.* at 245). Further, "where a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion" (*People v Louree*, 8 NY3d 541, 545-546 [2007]).

Here, the record does not make clear, as required by *Catu*, that at the time defendant took his plea, he was aware that the terms of the court's promised sentence included a period of PRS. Accordingly, the Appellate Division correctly determined that defendant's conviction must be reversed and that his guilty plea be vacated even in the absence of a postallocution motion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed in a memorandum.