■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDY D. YOUNG, Appellant. [925 NYS2d 912]—McCarthy, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered August 3, 2009, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).

Defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree in full satisfaction of a four-count indictment. During the plea proceeding, the People informed County Court that, pursuant to the negotiated agreement, it recommended concurrent sentences of 4½ years in prison to be followed by two years of postrelease supervision on both counts. At sentencing, the People recommended concurrent sentences of 4½ years in prison and three years of postrelease supervision. Thereafter, County Court proceeded to sentence defendant, as a second felony offender, to two concurrent sentences of 4½ years in prison to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant contends that her plea was not knowingly, voluntarily and intelligently entered because she was informed at the time of her plea that she would be sentenced to

two years of postrelease supervision. Although the terms of postrelease supervision imposed by County Court differed from the terms stated at the plea proceeding, defendant's claim that her plea was involuntary on that basis is unpreserved for our review due to her failure to bring it to County Court's attention, either when she was made aware of the terms at the outset of the sentencing proceeding (*see People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Lee*, 80 AD3d 1072, 1073 [2011], *lv denied* 16 NY3d 832 [2011]) or when the sentence was imposed (*see People v Davis*, 79 AD3d 1267, 1269 [2010], *lv denied* 16 NY3d 797 [2011]).

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.