■ The People of the State of New York, Respondent, v Ronnie Wade, Appellant. [926 NYS2d 920]—

Egan Jr., J.

In satisfaction of a six-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and was sentenced as a second felony offender to a prison term of six years followed by three years of postrelease supervision. Defendant now appeals, contending that his plea was involuntary due to alleged misrepresentations made by County Court (Bruhn, J.) regarding his period of postrelease supervision.

The case law makes clear that "a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]; *see People v Brown*, 77 AD3d 1053, 1054 [2010]; *People v Meyers*, 73 AD3d 1231, 1231 [2010]). Thus, where the sentencing court fails to apprise a defendant—prior to the imposition of sentencing—of either the mandatory imposition of postrelease supervision or the "specific duration or range [there]of . . . , the voluntariness of the plea may be challenged on appeal even absent preservation of the issue by postallocution motion" (*People v Lee*, 80 AD3d 1072, 1073 [2011], *lv denied* 16 NY3d 832 [2011]; *see People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Grimm*, 69 AD3d 1231, 1231-1232 [2010], *lv granted* 14 NY3d 888 [2010]).

Here, however, defendant does not claim that the sentencing court failed to apprise him that he would be subject to a specified period of postrelease supervision. Rather, defendant contends that his plea bargain included the minimum period of postrelease supervision allowable by statute, which he asserts is 1½ years, and, therefore, the imposition of a longer term rendered his plea involuntary. Assuming, without deciding, that such a claim presents an exception to the preservation requirement, defendant's assertion that County Court misrepresented the term of postrelease supervision to be imposed lacks merit. The record reflects that defendant repeatedly was advised—both during the course of his plea and prior to the imposition of sentence—that he would be subject to three years of postrelease supervision. Under these circumstances, we decline to reverse in the interest of justice (*see People v Lee*, 80 AD3d at 1073).

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.