■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CRUZ, Appellant. [938 NYS2d 670]—McCarthy, J.

Defendant waived indictment and, in satisfaction of a superior court information, pleaded guilty to criminal sexual act in the

first degree. County Court thereafter sentenced defendant to 18 years in prison, to be followed by five years of postrelease supervision. Defendant now appeals, arguing that his plea was not knowing, voluntary and intelligent due to the fact that he was unaware at the time of his plea that his sentence would include a period of postrelease supervision.

Defendant's contention is unpreserved for our review. "[A] defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]; *accord People v Wade*, 86 AD3d 713, 714 [2011], *lv denied* 17 NY3d 823 [2011]). While preservation is unnecessary where a defendant was not made aware that postrelease supervision was part of the sentence, if the sentencing court advises the defendant of the term of postrelease supervision, he or she must object or seek appropriate relief from the court at the time of sentencing (*see People v Davis,* 79 AD3d 1267, 1269 [2010], *lv denied* 16 NY3d 797 [2011]; *see also People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Young*, 85 AD3d 1489, 1489-1490 [2011]). Here, defendant did not object at sentencing to the imposition of the five-year term of postrelease supervision, which the prosecutor had stated at the plea proceedings was part of the plea agreement. Accordingly, as this argument is unpreserved, we affirm.

Mercure, A.P.J., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.