# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1265**

**KA 09-01179**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL A. COLON, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered October 3, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of criminal sexual act in the first degree (Penal Law § 130.50 [3]), defendant contends that reversal is required because Supreme Court failed to advise him at the time of his plea that his sentence would include a period of postrelease supervision (PRS). We agree.

Defendant was indicted on six felony offenses, including two counts of criminal sexual act in the first degree, a class B felony. Defendant entered a plea of not guilty to all counts of the indictment. On the day the case was scheduled for a pretrial hearing, the court, following a conference in chambers, placed the People's plea offer on the record. According to the court, the offer required defendant to plead guilty to a class B felony in satisfaction of the indictment on the condition that he receive a sentence of no less than 20 years in prison. The prosecutor confirmed that this accurately conveyed the People's offer, but added that he was also asking for an order of protection in favor of the victims. The court then addressed defendant directly, stating that, although the prosecutor was asking for a sentence of between 20 and 25 years, the court "would consider the sentence of 20 years in the New York State Department of Corrections." Neither the court nor the prosecutor stated that the offer required a term of PRS. Defense counsel requested an

adjournment to permit his client to consider the offer.  At the next scheduled court appearance, the court again placed the People's plea offer on the record.  Again, no mention was made of PRS.  Defendant rejected the offer.

On the day that defendant's jury trial was scheduled to commence, the prosecutor reiterated the People's plea offer in slightly different terms, stating that defendant would be required to plead guilty to one class B violent felony offense in satisfaction of all charges, in return for a sentence promise of at least 20 but not more than 25 years' imprisonment and a mandatory period of five years of PRS.  The court informed defendant that it "would strongly consider the 20 years rather than the 25 years" if defendant pleaded guilty, but the court did not mention that its sentence commitment included a mandatory period of PRS, or that the court would impose a period of PRS as part of its sentence.

Following a one-hour recess, the purpose of which was to give defendant time to discuss the offer with his attorney, the court reiterated the terms of the plea offer and sentence promise, but again did not mention PRS.  Defense counsel then stated that defendant wished to accept the offer provided that defendant could enter an *Alford* plea, which neither the People nor the court opposed.  The court then began a plea colloquy with defendant, reviewing the rights he would be forfeiting by pleading guilty.

During the colloquy, the court asked defendant, "Has anybody promised you anything other than what we placed on the record all morning, the first time around 9:30 and right now around 25 after 11:00; anybody promised you anything else?"  Defendant answered "no." Later in the colloquy the court asked defendant, "Do you understand that I made a promise to you that upon your guilty plea I'm going to consider the sentence range from 20 to 25, but right now my position is because of everything I heard, I'm leaning toward 20."  Defendant answered "yes."  The court did not mention any period of PRS, nor did the prosecutor or defense counsel.  The court subsequently accepted defendant's guilty plea to one count of criminal sexual act in the first degree, and at sentencing imposed a determinate term of imprisonment of 20 years plus five years of PRS.  This appeal ensued.

As the Court of Appeals has repeatedly advised, "[a] trial court has the constitutional duty to advise a defendant of the direct consequences of a guilty plea, including any period of postrelease supervision (PRS) that will be imposed as part of the sentence" (*People v Cornell*, 16 NY3d 801, 802, citing *People v Catu*, 4 NY3d 242, 244-245).  "Although the court is not required to engage in any particular litany when allocuting the defendant, due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (*id.* [internal quotation marks omitted]).  "[T]he failure of a court to advise of postrelease supervision requires reversal of the conviction" (*id.*).  "Further, 'where a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge

the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion' " (*id.*, quoting *People v Louree*, 8 NY3d 541, 545-546).

We conclude that the record does not make clear, as required by *Cornell* and *Catu*, that defendant was aware when he pleaded guilty that the terms of the court's promised sentence included a period of PRS. Although the prosecutor at one point described a period of PRS as mandatory, the court did not state that it would impose a period of PRS as part of its sentence; rather, the court repeated several times its promise to sentence defendant to no more than 25, and as few as 20, years' imprisonment. It is also true, as the People note, that the attorney who represented defendant at the time of the plea subsequently testified at a later hearing that he advised defendant that there would be a mandatory period of 5 years' PRS if he were convicted after trial. That attorney did not testify, however, that he advised defendant that he would be sentenced to PRS if he pleaded guilty or that the court's sentence promise included PRS. Under the circumstances, it cannot be said that defendant necessarily was aware that he would be sentenced to a period of PRS if he pleaded guilty. Indeed, defendant may reasonably have believed that the court's repeated failure to mention a period of PRS indicated that it was not a part of the sentence promised (*see People v Cornell*, 75 AD3d 1157, 1158, *affd* 16 NY3d 801). In any event, the fact that either the prosecutor or defense counsel mentioned a period of PRS earlier in the plea bargaining process "does not excuse the court from fulfilling its constitutional duty" (*id.*).

In sum, because the record here is not clear with respect to defendant's knowledge of the terms of his sentence, the guilty plea must be vacated even in the absence of a postallocution motion to withdraw the plea or to vacate the judgment of conviction specifically directed at the *Catu* error (*see Cornell*, 16 NY3d at 802). We do not agree with the People that the "rationale for dispensing with the preservation requirement is not presently applicable" because defendant was advised by the court prior to the imposition of sentence that he would be subjected to a term of PRS (*People v Murray*, 15 NY3d 725, 727). In any event, even assuming, arguendo, that the preservation requirement applies, we would nonetheless exercise our power to address defendant's challenge to the voluntariness of his plea as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court