McCarthy, J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 28, 2011, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
In satisfaction of an indictment charging him with burglary in the second degree and criminal mischief in the third degree, defendant pleaded guilty to attempted burglary in the second degree and waived his right to appeal. The plea agreement provided that, if defendant complied with the conditions set forth by County Court, he would be sentenced to a prison term *1385 of two years followed by IV2 to 3 years of postrelease supervision. However, if defendant did not comply with the conditions of the plea agreement, the court could impose the maximum allowable prison sentence of up to seven years and such sentence could be imposed in defendant’s absence. At the time the plea was entered, however, the court did not mention any period of postrelease supervision. Defendant failed to appear for his initial sentencing date without explanation, and County Court adjourned sentencing for two weeks. When defendant again failed to appear at the adjourned sentencing date without explanation, the court sentenced him to a prison term of five years followed by three years of postrelease supervision. This sentence was then confirmed at a subsequent hearing at which defendant was present. Defendant now appeals.
While defendant’s contention that his plea was not knowing and voluntary because County Court failed to reiterate the term of postrelease supervision at the time of his plea survives his waiver of appeal, we find that this argument was not preserved for our review. Although the court omitted mention of post-release supervision during the plea colloquy, defendant was aware of that component of the sentence prior to entering his plea, as the court had advised him of it during a previous appearance where the plea offer was described, defense counsel was present when the court imposed a sentence on defendant in abstentia that included such a term, and the court mentioned the term of postrelease supervision at the outset of the confirmation hearing. Because defendant was aware of and advised that the court intended to impose a term of postrelease supervision despite not having mentioned it during the plea colloquy, but he did not object on that ground to raise the issue when it could have been addressed before the sentence was confirmed, the issue is not preserved for appellate review (see People v Murray, 15 NY3d 725, 727 [2010]; People v Young, 85 AD3d 1489, 1489-1490 [2011]; People v Lee, 80 AD3d 1072, 1073 [2011], lv denied 16 NY3d 833 [2011]; see also People v Cruz, 92 AD3d 1138, 1139 [2012], lv denied 19 NY3d 863 [2012]).
Nor are we convinced by defendant’s argument that County Court imposed the enhanced sentence without making adequate inquiry into the reason for defendant’s failure to comply with the terms of the plea agreement. Defendant was repeatedly advised that, if he failed to comply with the conditions of the plea agreement, the court would not be bound by the sentencing commitment and could impose up to the maximum sentence of seven years in prison. It is undisputed that defendant failed to comply with the plea conditions, as he did not appear for *1386 sentencing and he admitted to using drugs during this period. County Court provided defendant with an opportunity to explain his failures at the sentence confirmation hearing and found the proffered excuses to be unpersuasive. Under the circumstances, we do not find any error in the court’s imposition of an enhanced sentence without a full hearing (see People v McDevitt, 97 AD3d 1039,1041 [2012], lv denied 20 NY3d 987 [2012]; People v Haran, 72 AD3d 1289, 1289-1290 [2010]; People v Saucier, 69 AD3d 1125, 1125-1126 [2010]). Finally, defendant’s claim that the enhanced sentence is harsh and excessive is precluded by his valid waiver of the right to appeal, given that the court previously informed him of the potential consequences of failing to appear for sentencing (see People v Brown, 101 AD3d 1267, 1268 [2012], lv denied 21 NY3d 1014 [2013]; People v Hill, 18 AD3d 966, 967 [2005], lv denied 5 NY3d 763 [2005]; People v Schryver, 306 AD2d 626, 626 [2003], lv denied 100 NY2d 598 [2003]).
Peters, P.J., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed.