# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

98

KA 09-02480

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CHARLES M. LEISTMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered September 25, 2009. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), defendant contends that the plea was involuntary because County Court failed to inform him that a period of postrelease supervision (PRS) would be imposed. Although defendant failed to move to withdraw the plea or to vacate the judgment of conviction, it is well settled that, " 'where a trial judge does not fulfill the obligation to advise a defendant of [PRS] during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion' " (*People v Cornell*, 16 NY3d 801, 802; *see People v Boyd*, 12 NY3d 390, 393). It is also well settled that the court "has the constitutional duty to advise a defendant of the direct consequences of a guilty plea, including any period of [PRS] that will be imposed as part of the sentence," and " '[t]he failure of a court to advise of [PRS] requires reversal of the conviction' " (*Cornell*, 16 NY3d at 802, quoting *People v Catu*, 4 NY3d 242, 245). Here, as the People correctly concede, the record does not establish that the court advised defendant when he pleaded guilty that the sentence would include a period of PRS. To the contrary, the record establishes that the People indicated that they would request a sentence of at least 10 years in prison, and the

court made no sentence promise other than to indicate that defendant "will be sentenced to state prison."  Because the court "failed to advise defendant prior to the entry of the plea that his sentence would include a period of postrelease supervision, . . . his plea was not knowingly, voluntarily and intelligently entered" (*People v Rajab*, 79 AD3d 1718, 1719; *see People v Hill*, 9 NY3d 189, 191-192, *cert denied* 553 US 1048; *Catu*, 4 NY3d at 245).  We therefore reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment.

Defendant's remaining contentions are moot in light of our determination.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court