Judgment, Supreme Court, New York County (Arlene R. Silverman, J. at hearing; Bruce Allen, J. at plea and motion to withdraw plea; Maxwell Wiley, J. at sentencing), rendered September 23, 2009, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, with IV2 years’ postrelease supervision, unanimously reversed, on the law, the plea vacated, the full indictment reinstated, and the matter remanded for further proceedings.
Defendant’s plea agreement provided that he would receive a sentence of six years. During the plea allocution, the court noted that defendant would also receive a term of postrelease supervision in addition to the six-year prison term. The court did not, however, specify the length of the term of PRS to be imposed. The first time the court ever informed defendant of the length of the term of PRS was when it actually imposed sentence.
Although defendant moved to withdraw his plea, he did so on grounds unrelated to PRS, and, for the first time on appeal, he now challenges the voluntariness of his plea on the ground of the court’s failure to advise him of the length of the PRS term. Nevertheless, defendant was not required to preserve this issue. Since the plea court “failed to advise defendant of the specific term of PRS. . . a postallocution motion was not required to challenge the sufficiency of the plea” (People v Boyd, 12 NY3d 390, 393 [2009]; see also People v Louree, 8 NY3d 541, 545-546 [2007]). The prosecutor’s remarks made moments before sentencing did not constitute the type of advice to defendant of *539 the PRS term that would trigger a duty to preserve the issue (see People v Rivera, 91 AD3d 498 [1st Dept 2012], appeal withdrawn 18 NY3d 961 [2012]).
Because PRS is a direct consequence of a conviction (People v Catu, 4 NY3d 242, 244 [2005]), the failure of the court to specify the length of the PRS term renders the plea allocution defective (see People v Boyd, 12 NY3d at 393; see also People v McAlpin, 17 NY3d 936 [2011]).
In view of this determination, we find it unnecessary to reach any other issues, except that we find that defendant’s suppression motion was properly denied (see e.g. People v Dickerson, 20 AD3d 359 [1st Dept 2005], lv denied 5 NY3d 852 [2005]).
Concur — Mazzarelli, J.P., Sweeny, Andrias, DeGrasse and Richter, JJ.