[986 NYS2d 631]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAWN
M. BOLIVAR, Appellant.

Third Department, May 1, 2014

## APPEARANCES OF COUNSEL

*John P.M. Wappett, Public Defender*, Lake George (*Marcy I. Flores* of counsel), for appellant.

*Kathleen B. Hogan, District Attorney*, Lake George (*Emilee B. Davenport* of counsel), for respondent.

## OPINION OF THE COURT

EGAN JR., J.

In October 2010, defendant pleaded guilty to rape in the third degree in Washington County and thereafter was sentenced to 10 years of probation.[1] In April 2012, a petition was filed alleging that defendant violated the terms of her probation by failing to report to her probation officer, consuming alcohol and failing to report contact with a police officer within 24 hours thereof. When defendant appeared before County Court in May 2012, the parties agreed that, in exchange for defendant's admission to the violations alleged, sentencing would be adjourned in order to allow defendant to complete a 28-day inpatient alcohol and substance abuse treatment program and follow-up outpatient treatment. The parties further agreed that, if defendant successfully completed the required treatment, she would be restored to probation; if defendant failed to complete treatment, however, she would receive a sentence of up to $1^1/_3$ to 4 years in prison. No mention of postrelease supervision was made during the course of this appearance. Following a colloquy with County Court, wherein defendant waived her right to appeal, defendant admitted to violating the terms of her probation and was remanded to the Warren County Jail until a bed at a treatment facility became available.

Defendant thereafter failed to successfully complete treatment and, in September 2012, appeared before County Court for sentencing, at which time County Court realized that a determinate term of imprisonment was required. Moments before sentence was imposed, County Court mentioned—for the first time—that a period of postrelease supervision ranging from 3 to 10 years would be required. County Court then sentenced defendant to $1^1/_2$ years in prison followed by five years of postrelease supervision. Defendant now appeals, contending that her plea to the probation violation was involuntary because she was not apprised that her sentence would include a period of postrelease supervision.

---

1. Defendant's probationary supervision subsequently was transferred to Warren County.

Defendant's challenge to the voluntariness of her plea to the probation violation survives her otherwise valid waiver of the right to appeal (*cf. People v Crowder*, 110 AD3d 1384, 1385 [2013], *lv granted* 22 NY3d 1155 [2014]; *People v Brown*, 107 AD3d 1303, 1304 [2013]). As to the merits of her argument, the Court of Appeals has made clear that "where a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion" (*People v Louree*, 8 NY3d 541, 545-546 [2007]; *accord People v Cornell*, 16 NY3d 801, 802 [2011]).[2] Although preservation of such a claim has been required in certain limited circumstances (*see People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Crowder*, 110 AD3d at 1385; *People v Turner*, 107 AD3d 1543, 1546-1547 [2013], *lv granted* 21 NY3d 1047 [2013]; *People v Cruz*, 92 AD3d 1138, 1139 [2012], *lv denied* 19 NY3d 863 [2012]), whether preservation is necessary hinges upon whether the defendant "had ample opportunity to object after the initial [reference to postrelease supervision] was made and before sentence was formally imposed" (*People v McAlpin*, 17 NY3d 936, 938 [2011]). Thus, where "the court first mention[s] postrelease supervision only moments before imposing the sentence," thereby depriving the defendant of a meaningful opportunity to weigh his or her options at that stage of the proceeding, preservation is not required (*id.* at 938).

Although we are mindful that the matter before us concerns a plea of guilty to a violation of probation—as opposed to a plea of guilty to a crime—the analysis employed by the Court of Appeals in *Catu, Louree* and *McAlpin* is equally applicable here. As noted previously, County Court made no mention of postrelease supervision during the course of defendant's plea colloquy (*see People v Colon*, 101 AD3d 1635, 1637-1638 [2012]), nor does the record indicate that defendant otherwise was made aware—prior to entering her plea to the probation violation—that post-

---

2. This rule, which is grounded in the trial court's duty to ensure that a defendant—before pleading guilty—has a full understanding of both what the plea entails and its attendant consequences so that he or she may, in turn, "knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v Catu*, 4 NY3d 242, 245 [2005]), also applies where the defendant, although aware that a period of postrelease supervision is required, is not apprised of the specific term or potential range of postrelease supervision to be imposed (*see People v Boyd*, 12 NY3d 390, 393 [2009]; *People v Brown*, 107 AD3d at 1304).

release supervision would be a component of her sentence (*compare People v Crowder*, 110 AD3d at 1385; *People v Cruz*, 92 AD3d at 1139). Rather, the need to impose a period of postrelease supervision was first raised at sentencing—quite literally moments before defendant's sentence actually was imposed (*see People v McAlpin*, 17 NY3d at 938; *cf. People v Shanks*, 115 AD3d 538, 538-539 [2014]; *compare People v Turner*, 107 AD3d at 1546-1547). Under these circumstances, preservation was not required, and County Court's failure to apprise defendant that postrelease supervision would be a component of her sentence mandates reversal.

PETERS, P.J., STEIN and ROSE, JJ., concur.

Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.