■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARVIS LASSALLE, Appellant. [3 NYS3d 684]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered February 26, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum: Defendant was convicted upon a plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). On a prior appeal, we affirmed the judgment of conviction (*People v*

*Lassalle*, 55 AD3d 1286 [2008], *lv denied* 11 NY3d 926 [2009]), but we subsequently granted defendant's second motion for a writ of error coram nobis (*People v Lassalle*, 114 AD3d 1226 [2014]). Upon reviewing the appeal de novo, we agree with defendant that the judgment of conviction must be reversed and his plea vacated "because County Court failed to advise [him] prior to his entry of the plea[ ] that his sentence[ ] would include [a] period[ ] of postrelease supervision" (*People v Burns*, 70 AD3d 1301, 1302 [2010], citing *People v Catu*, 4 NY3d 242, 245 [2005]).

Contrary to the contention of the People, the mere fact that the court informed defendant that a period of postrelease supervision could have been imposed as part of a maximum sentence does not establish that defendant "was aware that the terms of the court's promised sentence included a period of [postrelease supervision]" (*People v Cornell*, 16 NY3d 801, 802 [2011]). Moreover, as we noted in the codefendant's appeal, we may address the merits of defendant's contention notwithstanding a valid waiver of the right to appeal or the absence of a postallocution motion (*see Burns*, 70 AD3d at 1302).

In view of our decision, we do not address defendant's remaining contentions raised in his pro se supplemental brief. Present—Scudder, P.J., Lindley, Valentino and DeJoseph, JJ.