■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GYASI JACKSON, Appellant. [5 NYS3d 904]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered October 3, 2013, convicting him of attempted criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Lynn W.L. Fahey for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Seymour W. James, Jr., 199 Water Street, 5th Floor, New York, N.Y. 10038 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's plea of guilty was

knowing, voluntary, and intelligent, and as to whether the Supreme Court failed to inform the defendant of the full post-release supervision component of his sentence (*see People v Catu*, 4 NY3d 242, 245 [2005]; *see also People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Hill*, 9 NY3d 189, 191 [2007]; *People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Weichow*, 96 AD3d 883, 884 [2012]). Accordingly, the assignment of new counsel is warranted. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.