■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RENVILL, Appellant. [60 NYS3d 36]—

Judgments, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered May 10, 2013, convicting defendant, upon his pleas of guilty, of reckless endangerment in the first degree, assault in the third degree, resisting arrest and bail jumping in the third degree, and sentencing him to an aggregate term of two to six years, unanimously reversed, on the law, the pleas vacated, and the matter remanded for further proceedings.

The court improperly denied defendant's motion to withdraw his guilty pleas. The record, viewed as a whole, demonstrates that defendant lacked sufficient information about the potential scope of sentencing in the event he violated the plea agreement (*see People v McAlpin*, 17 NY3d 936, 938 [2011]). Although the court clearly told defendant that he was pleading guilty to a class D felony, reckless endangerment in the first degree, its repeated statements, over the course of multiple court appearances, that defendant's sentence would involve "jail" time, and

its failure to clearly apprise defendant that he could receive a state prison sentence, and the potential maximum term thereof, if he violated the plea agreement, taken together, rendered his pleas unknowing and involuntary (*see People v Ziegler*, 149 AD3d 634 [1st Dept 2017]; *People v Shanks*, 115 AD3d 538 [1st Dept 2014]).

In light of the foregoing, we do not reach defendant's alternative arguments. Concur—Sweeny, J.P., Richter, Andrias and Kahn, JJ.