■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIEANE JAMES, Appellant. [60 NYS3d 334]—Appeal by the defendant from a judgment of the County Court, Westchester County (Minihan, J.), rendered July 13, 2015, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Anthony M. Giordano for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Jason M. Bernheimer, Esq., P.O. Box 592, Katonah, NY, 10536 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on

behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 15, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief filed by assigned counsel is deficient, and upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, the voluntariness of the defendant's plea, and whether the defendant was informed that his sentence would include a period of postrelease supervision (*see People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Hill*, 9 NY3d 189, 191 [2007]; *People v Louree*, 8 NY3d 541 [2007]; *People v Catu*, 4 NY3d 242 [2005]; *People v Weichow*, 96 AD3d 883, 884 [2012]). Accordingly, the assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Vasquez*, 70 NY2d 1, 4 [1987]). Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.