— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Warhit, J.), rendered October 1, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the defendant.
 

 Ordered that the motion of Gerald Zuckerman for leave to withdraw as counsel for the defendant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
 

 Ordered that Scott M. Bishop, Esq., 75 South Broadway, Suite 400, White Plains, NY, 10601, is assigned as counsel to prosecute the appeal; and it is further,
 

 Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the defendant’s new assigned counsel; and it is further,
 

 Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the defendant is served and filed. By prior decision and order on motion of this Court dated March 25, 2016, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
 

 Upon this Court’s independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, the voluntariness of the defendant’s plea and whether the defendant was informed that his sentence would include a period of postrelease supervision (see People v Cornell, 16 NY3d 801, 802 [2011]; People v Hill, 9 NY3d 189, 191 [2007]; People v Louree, 8 NY3d 541 [2007]; People v Catu, 4 NY3d 242 [2005]; People v Weichow, 96 AD3d 883, 884 [2012]). Accordingly, the assignment of new counsel is warranted (see People v Stokes, 95 NY2d 633, 638 [2001]; People v Vasquez, 70 NY2d 1, 4 [1987]).
 

 Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.