People v James (2018 NY Slip Op 02805)





People v James


2018 NY Slip Op 02805


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-08175

[*1]The People of the State of New York, respondent,
v
Kieane James, appellant. (S.C.I. No. 15-00093)


Jason M. Bernheimer, Katonah, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered July 13, 2015, convicting him of attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Westchester County, for further proceedings in accordance herewith.
At an appearance on March 30, 2015, the County Court placed a proposed plea agreement on the record, which included a promised sentence of two years in state prison to be followed by one year of postrelease supervision. After a two-week adjournment to allow the defendant to consider the proposed plea agreement, the defendant returned to the court to enter his plea of guilty. The minutes of the plea proceeding reveal that an off-the-record conference was held that day, during which the court indicated what the promise was regarding the plea and sentence. During the plea proceeding, the defendant acknowledged on the record that he had heard and understood what was said at that conference regarding his sentence. However, while at the outset of the plea proceedings the prosecutor mentioned that the defendant was "looking at two years State Prison," no mention of postrelease supervision was made on the record at the time of the defendant's plea. Thereafter, the first mention of postrelease supervision was made at the conclusion of the sentencing proceeding, when the court imposed the sentence.
Contrary to the People's contention, under the circumstances of this case, the defendant's claim that his plea of guilty was not knowingly or voluntarily entered did not need to be preserved for appellate review (see People v Turner, 24 NY3d 254, 259; People v Boyd, 12 NY3d 390, 393; People v Louree, 8 NY3d 541, 546; People v Catu, 4 NY3d 242, 245).
A trial court has the constitutional duty to advise a defendant, before pleading guilty, of the direct consequences of a plea of guilty, including any period of postrelease supervision (see People v Cornell, 16 NY3d 801, 802; People v Catu, 4 NY3d at 244-245). Although the court is not [*2]required to engage in any particular litany when allocuting the defendant, the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant (see People v Catu, 4 NY3d at 245). Here, the record does not make clear that at the time the defendant entered his plea, he was aware that the terms of the County Court's promised sentence included a period of postrelease supervision (see People v Cornell, 16 NY3d at 802). Accordingly, the judgment must be reversed, the plea vacated, and the matter remitted to the County Court, Westchester County, for further proceedings.
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court