People v Mudd (2019 NY Slip Op 01265)





People v Mudd


2019 NY Slip Op 01265


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

109488

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NIKOLAUS E. MUDD, Appellant.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Rumsey, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G. Blatchley of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 29, 2016, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
In February 2016, defendant was arraigned on an indictment charging him with criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) stemming from the sale of heroin on two separate occasions in July 2015. Defendant subsequently appeared in May 2016 and the People placed on the record an offer that had been made to defendant, which included a prison sentence of six years with three years of postrelease supervision (hereinafter PRS). Defendant then appeared, approximately two weeks later, and the same plea offer was extended. Defendant, however, did not accept the People's offer, and it was withdrawn on the record. Subsequently, defendant, who was appearing for a suppression hearing, pleaded guilty to the indictment, with a promise from County Court that it "would commit itself to not sentencing [him] to more than the offer that was made by the [People]." Prior to the conclusion of the plea proceeding, the court informed defendant that, if he committed any crimes prior to sentencing, the court would not be bound by the "six-year cap." At sentencing, defendant admitted his predicate felony conviction and the court imposed concurrent prison terms of six years on each [*2]count, as a second felony offender, to be followed by three years of PRS. Defendant appeals, and we reverse.
We agree with defendant that his guilty plea was not knowing, voluntary and intelligent because County Court failed to advise him that the sentence would include PRS. "To meet due process requirements, a defendant 'must be aware of the [PRS] component of [a] sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action'" (People v Turner, 24 NY3d 254, 258 [2014], quoting People v Catu, 4 NY3d 242, 244-245 [2005]). County Court's statement that defendant would not be sentenced "to more than the offer that was made by the [People]," without detailing the terms of that offer, was not sufficient to advise defendant that his sentence would include PRS (see People v Louree, 8 NY3d 541, 545 [2007]; People v Wilson, 164 AD3d 1012, 1021 [2018]). Likewise, we find that the confusing statement made by the People after defendant pleaded guilty — that "the [c]ourt has agreed to a cap of six years, [but defendant] could potentially face up to [24] years in prison with three years' [PRS]" — could lead to the conclusion that PRS would not be imposed under the "six-year cap" but, rather, that PRS would be imposed only if the maximum sentence were to be imposed (see People v James, 160 AD3d 984, 985 [2018]).
Under the facts presented here, preservation of defendant's claim was not required as defendant had no practical ability to object to the imposition of PRS (see People v Wilson, 164 AD3d at 1021; People v Bolivar, 118 AD3d 91, 93 [2014]; People v James, 160 AD3d at 985; cf. People v Boyd, 12 NY3d 390, 393 [2009]; compare People v Pendleton, 81 AD3d 1037, 1038 [2011], lv denied 16 NY3d 898 [2011]). Further, County Court's failure to adequately advise defendant that he would be subject to a period of PRS prior to accepting his plea, or at any other time prior to imposing his sentence, combined with the People's confusing statement regarding the sentencing, requires reversal of defendant's conviction (see People v Louree, 8 NY3d at 545-546; People v Wilson, 164 AD3d at 1021). In light of this determination, defendant's remaining contentions are rendered academic.
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.