People v Bell (2023 NY Slip Op 00594)

People v Bell

2023 NY Slip Op 00594

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

997 KA 18-01757

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EZRA BELL, ALSO KNOWN AS EZRA B. BELL, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered July 27, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the admission is vacated and the matter is remitted to Monroe County Court for further proceedings on the information for delinquency.
Memorandum: Defendant appeals from a judgment that, upon his admission to violating a condition of probation, revoked the sentence of probation imposed upon his conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]) and sentenced him to a term of imprisonment and postrelease supervision. Defendant contends that his admission was not knowing, voluntary and intelligent because County Court failed to inform him at any time that he would be subject to postrelease supervision if the court sentenced him to prison. We agree. The People contend that defendant's challenge to the voluntariness of his admission is not preserved for our review, inasmuch as he failed to move to withdraw his admission, but we reject that contention. Although defendant pleaded guilty to a probation violation, as opposed to a crime, "where a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion" (People v Louree, 8 NY3d 541, 545-546 [2007]; see People v Bolivar, 118 AD3d 91, 93 [3d Dept 2014]; cf. People v Shaw, 118 AD3d 1461, 1461-1462 [4th Dept 2014], lv denied 24 NY3d 1005 [2014]).
Defendant failed to preserve for our review his contention with respect to the alleged unreliability of certain information relied upon by the court in sentencing him (see People v Cooper, 136 AD3d 1397, 1398 [4th Dept 2016], lv denied 27 NY3d 1067 [2016]) and, in any event, that contention is without merit. Defendant's remaining contentions are academic in light of our determination.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court